IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BOBBY TATUM,

       Plaintiff,

v.

       Case No. 25-cv-2019-NJR

DARREN GALLOWAY, JOHN DOES,
and JANE DOES,

       Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Bobby Tatum, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brought this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at both Shawnee Correctional Center and Pinckneyville. On May 21, 2026, Tatum's Amended Complaint was dismissed with prejudice for his failure to state a viable claim and judgment was entered (Docs. 19, 20). This matter is before the Court on Tatum's motion to reconsider and motion for discovery documents (Doc. 21).

### BACKGROUND

Tatum originally filed a Complaint alleging that Warden Darren Galloway retaliated against him by transferring him to Pinckneyville (Doc. 1). Tatum alleged that Galloway transferred him to a higher-level security prison in retaliation for Tatum filing an appeal in *Tatum v. Galloway*, Case No. 24-cv-01183-NJR. But the allegations only noted suspicious timing of the transfer and failed to adequately allege that the appeal was a

1

motivating factor for his transfer (Doc. 14, p. 4). The original Complaint was dismissed without prejudice for failure to state a claim, but Tatum was granted leave to file an amended pleading.

Tatum's Amended Complaint (Doc. 15) again sought to allege a retaliation claim against Galloway for his transfer to Pinckneyville, as well as added claims against several officers at Pinckneyville for their use of force against him and the issuance of a false disciplinary ticket. The claims regarding the use of force and discipline at Pinckneyville were severed into a new case (Doc. 19, pp. 6-7). As to the claim against Galloway and the transfer officers, Tatum's Amended Complaint failed to offer any additional allegations to suggest that Galloway's actions were in retaliation for Tatum's protected conduct. Tatum seemingly abandoned his theory that his transfer was in retaliation for his appeal and, instead, alleged that he was transferred after filing a PREA complaint (Doc. 19, p. 7). But Tatum again relied on suspicious timing, noting that he was transferred six days after filing his complaint. Again, he failed to offer any allegations that the filing of his complaint was the motivating factor for the transfer (*Id*. at p. 8). Tatum further failed to adequately allege that Galloway was involved in the transfer decision (*Id*. at p. 9). Tatum's claim against Galloway and the transfer officers was again dismissed. Because Tatum was unable to state a viable claim after two attempts to do so, his claim was dismissed with prejudice and judgment was entered (Docs. 19, 20).

In response to the dismissal, Tatum filed the pending motion to reconsider (Doc. 21).

## LEGAL STANDARDS

Tatum's motion seeks to alter the Court's Orders pursuant to Federal Rule of Civil Procedure 59(e). But "whether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006)). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). Tatum's motion was filed within the proper timeframe and indicates that he is seeking relief pursuant to Rule 59. Thus, his motion is properly filed pursuant to Rule 59(e).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

3

## ANALYSIS

Tatum neither presents a mistake of law or fact, nor does he present newly discovered evidence. Instead, Tatum requests that the dismissal of his claims be changed to without prejudice because he "forgot" to bring certain facts to the Court's attention (Doc. 21, p. 1). Tatum alleges that he forgot to note that when he submitted his PREA complaint to the tele-psych doctor, and the doctor reported that complaint to internal affairs officials in Springfield, that complaint also alerted internal affairs officers at Shawnee Correctional Center, including Lieutenant Bank and Warden Galloway (*Id.*). Tatum further notes that he believes Shawnee's PREA official Ms. Sherrod would have alerted Galloway of Tatum's complaint because her husband was a defendant in another of Tatum's lawsuits (*Id.*). Tatum alleges that he forgot to mention that officials in Springfield ordered Galloway to transfer Tatum to protective custody, but Galloway, Lieutenant Banks, and internal affairs officers instead wrote a false disciplinary ticket (*Id.*). The ticket was presented to the Seventh Circuit Court of Appeals in a motion filed by Tatum and Galloway signed off on a disciplinary transfer the next day (*Id.* at pp. 1-2). Tatum requests that he be allowed to conduct discovery to determine the reason for his transfer but argues these additional allegations suggest retaliatory conduct.

But a Rule 59(e) motion may not be used to present new evidence that could have been presented earlier. *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) ("a Rule 59(e) motion is not a fresh opportunity to present evidence that could have been presented earlier"). All of Tatum's additional allegations could have been raised in a prior pleading. Tatum had two opportunities to state a viable

4

claim and was unable to do so. His additional allegations are not newly discovered and his failure to raise them is not a basis to reconsider. Accordingly, Tatum fails to offer any grounds for reconsidering the dismissal of his claims with prejudice.

### CONCLUSION

For the reasons stated above, Tatum's motion to reconsider (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 5, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**